United States v. Pavlenko Good morning, Your Honor. Hold up a minute, Mr. Gleeson, while he clears out. Good morning, Mr. Gleeson. I don't know whether this is the type of case where I should just ask whether the court has questions because when I read my . . . Actually, I think we could cut to the chase pretty quickly. In my mind, I wonder if there's a way that you win by losing here. Let me tell you where I come from on this, okay? I understand that the government's argument has been, you're not aggrieved here. Your client's not aggrieved because he agreed to the order. As I understand, your argument, though, your argument is, well, there were really conditions imposed above and beyond what my client agreed to that are different from the agreement. And that does seem to me to be a little bit of a different take. But it seems to me that if your argument is really based on a misunderstanding of what the import of the district court's so-called conditions are, if they're not really conditions and it's just a paraphrasing of what the agreement is and what really matters is whatever the settlement agreement says and that all that the district court actually did in substance here was dismiss the indictment, then your client's not aggrieved by that and your client doesn't have standing to complain about that. But if we say nothing else that the district court said when it dismissed the indictment was in fact a condition imposed on your client, doesn't that get what your client wants? Well, I think that my jurisdictional argument is very much damaged if the court would in effect strike what I consider hopefully to be surplusage from the district court's order. I don't think I would have . . . I think it's a much more debatable question whether the defendant would have jurisdiction to challenge the without prejudice language alone in the order. If the court were to enter an order saying essentially striking, asking the district court to strike everything from the order . . . So if the district court had just entered an order that said the indictment is dismissed without prejudice period, you can't complain about that, right? I mean, I would have a much more difficult hurdle. I would want to make arguments but . . . And if we say effectively that's what happened here . . . Then the remedy, if that is effectively what happened, is to make that the order. But again, that's not . . . Whenever we say the import of it was becomes law of the case and that's the end of the matter, isn't it? Again, in this context of this case where the whole focus was not how it's going to be relied on by U.S. courts or how U.S. courts are going to look at it, but how Russian courts, Eastern European courts, how the Russian Federation is going to look at it, whether he's going to be able to get a security position in the Russian government or whatever. He has this order. All those provisions of that order have the effect . . . And we have cited one provision where he can't fight about a credit card dispute where the company says, no, the case is still open. So he's already had that problem. So . . . Well, if we say the case is closed, which it appears to me to be, and that what the district court really said here was it was explaining how it led to this disposition, the dismissal without prejudice. The parties had settled. This is kind of a description of it, a paraphrasing of it. But it's not the imposition of any conditions on your client or anything like that. It's just that explanation. And the indictment was dismissed. Your client's not aggrieved by that, it seems to me. And your client doesn't have standing, appellate standing. We don't have a case for controversy. I mean, I suppose if the court would enter that order, I could then move the district court to amend its order to conform to what the court is saying. I don't think you have to do that. If we say that's what the import of it is, that's the end of the matter, right? What we say . . . You think the district court would ignore what we said about its order? No. No, I don't. I think that, again, this first problem, in going this way and trying to agree to some way to resolve this in the least offensive way possible . . . I'm not trying to get you to agree to something, Mr. Kluge, that would be inappropriate for your client or anything like that. I'm just telling you candidly how I read this order. When I read it, it seems to me that it resolves what your complaint appears to be in response to their argument that you agreed to this so you can't complain about it. As I understand it, you say, well, I didn't agree to these conditions, that my client didn't agree to these conditions the district court effectively imposed here. I say, doesn't look like the district court imposed any conditions to me. That seems to relieve your concern. If I could, just why I think the order is so problematic. It is true that if the order had just said dismiss without prejudice, I would have told the client, I'm not taking your money. It's just not worth it. Even though I believe the indictment should have been dismissed with prejudice because it was a permanent thing. It was not a situation where, in light of this agreement, where the government could say, okay, this indictment's been dismissed. Let's go to another grand jury and reindict him. They couldn't. So it was not a situation that is ordinarily thought of as a dismissal without prejudice. That would have been a direct violation of his rights. So even though that would have been a violation, I don't think I would have told him to bother. But when the court changes the terms of the order, says he cannot return here, and then says the consequence is that the government can reinstate the indictment, which tells us that it's not a dismissal. See, all of that seems to me to be the district court's paraphrasing of its understanding of the settlement agreement, and just it's not any kind of binding condition or anything like that on your client, and it just doesn't matter. I would just ask the court, in the interest of perfect clarity, if the court is going to say that we're going to treat this order as simply a dismissal without prejudice, that the court ask the district court to amend it to say that. And I just think that that doesn't say anything. I don't think we have to do that, Mr. Kluge. I mean, I just don't. The reason why, again, the whole purpose of this agreement was both to have the correct immigration effect effectuated for the correct foreign effect. This is not like the ordinary case of a U.S. citizen person here. It's a complicated situation. It took, from the moment they announced that they wanted to do this agreement, it took 40 days to get to this agreement. It was very precise and very calibrated, and it's really a matter of . . . Yeah, but it seems to me that if we say what really matters is the agreement itself, and we don't really have a case or controversy about that, and whatever the district court said about it was just the district court's understanding, but it's not binding in any way. The only thing that the district court actually did here was dismiss this indictment without prejudice, and your client's not aggrieved by that. It's hard for me to see what your client's concern is at that point. Your Honor, it's just everybody . . . He's not getting what he bargained for at that point is the concern. Then, as a matter of law, it would be the case that the dismissal still is not what he . . . Perhaps you could . . . To the extent your client is worried about some kind of imminent right that he has that's not foreclosed by the settlement agreement but he thinks the government is going to act differently on a different understanding, maybe he could file a declaratory judgment action or something like that. It just doesn't seem to me, though, that in this posture with the dismissal of the indictment against your client, your client has anything to complain about. Your Honor, I've tried to articulate the best I can in the brief. It's a unique situation, very carefully set up agreement. We feel, in all honesty, the dismissal should have been with prejudice given that we're trying to get to as limited a position as possible in terms of correction. He's not asking me to ask for the moon. I have just one question, if I may, and it's not as cosmetic or superficial a question as it may appear. What's the difference between the term you use, settlement agreement, and the term that we more often apply, plea agreement? Well, the difference was, of course, in this case there was no conviction. And the government... You can plead NOLO. Pardon me? There are different ways to plead. Yes, yes, there are. Yes, the defendant intended to go to trial. He intended. He'd always disputed this. He took a polygraph. He passed. This is a very unusual case. They knew he was going to go to trial. They knew it was going to be a messy problem. And so they said they knew also that his wife, who was Russian, had gone back to Russia. So they said we... You're running out of time, and I understand that. But basically you wanted to emphasize that this was a settlement and therefore in line with a dismissal without prejudice. Yes. No, not in line with a dismissal. A dismissal of the indictment, a termination of the indictment, so there's no pending case. Thank you. Thank you, Mr. Kluge. You've saved five minutes for rebuttal. Mr. Wu. Always good to have experienced advocates back. Glad to be back. May it please the Court, Jason Wu on behalf of the United States. With me at council table is Michael Thakur, who prosecuted this case in the district court. Your Honors have suggested a win-win in court today, and honestly I'd just like to take it. I understand it's not an offer quite in that sense, but you've gotten the essence of the case correct. Do you disagree with my characterization? Absolutely not, and it's the position we took in the brief. This order follows the case. I'll tell you, though, Mr. Wu, so you say something in the brief that to me is not really, doesn't really get to the heart of his argument, which is, well, he agreed to this. Well, I mean, his argument really is, well, the district court did something over and above what my client agreed to, and it seems to me that the response to that is, no, it didn't. I understand. Well, in the second and third sections of the brief, what we argue essentially is that he misconstrues the district court's order, and in the manner that Your Honor suggests, which is that this case is closed. He calls it a conditional dismissal, but it's really not, right? Conditional dismissal could mean a few things. It could mean, let's say, the court has to enter an order 10 years in the future actually closing the case. That's not going to happen. This is that order. The case is done. The other thing it could mean is that- It was conditioned on the execution of a settlement agreement that had already been executed that the district court then paraphrased. Exactly, and the party's rights and obligations- Are governed by the settlement agreement. Exactly, which exists independently of this order, and so the order really is just no different than an order that says this case is dismissed without prejudice. That's what brings it within the Parr cases, the Kelly case, that say that there's no appellate jurisdiction. This is actually one of those instances where just going to the standing question, it seems to me, is a lot easier than worrying about statutory jurisdiction because if you look at 1291 and collateral order doctrine, it's a lot more complicated to go through that. I mean, the easy way to look at this is, if what we're saying about this order is right, is that his client is not aggrieved by it, period. Correct, and I think that satisfies the government's concerns. It actually satisfies his concerns because, as you pointed out, there will be an opinion. It could be a one-paragraph opinion. It says the district court ordered- It'll be more than that. Fair enough. I certainly don't want to write it for you, but it will say this case has been closed. There are no charges pending. Therefore, the appeal is dismissed, and to the extent there are any adverse collateral issues for him in his current life, you can show that opinion to everyone, and it will be very clear about what was done here. We'll publish something longer than that just to make him feel better. Of course, and it seems like your honors have no further questions for me. I'm happy to answer anything if you do have, and if not, we respectfully request that this court dismiss the case for lack of jurisdiction or lack of standing. Thank you very much. Thank you. Your Honor, in criminal cases, I'm usually up here representing people who've been convicted of a crime. Right. I'm up here representing a man who wants to be believed and thought to be having been exonerated of a crime. Right. This is the worst- You're representing a client who was once charged of a crime, for whom the charge has been dismissed, and in the eyes of the law is presumed innocent, like all of us. In the eyes of one court in the world, that will be the case because he will have this order that the whole purposes of the agreement was not how it's affecting this country, but it's affecting Russia, it's affecting the world, because he's not supposed to come back. And that is fundamentally problematic. And to say that he doesn't have standing for that, I mean, he's an innocent man. Everybody stands here today. This is an innocent man who's got as much of a mark on his order as anybody could possibly have. You can't return to the United States. You are prohibited. You are exiled from the United States, which is not part of the agreement. Whatever rights he has to return to the United States, it seems to me, are governed by that settlement agreement and the law more generally, not by anything the district court said. If that's the case, then the order is incorrect. Well, maybe we just need to explain that that's the case in a published opinion that makes it clear. It's hard for me to understand how you would have a complaint about that. Well, I have a complaint. I worry about precedent. I worry about the impact. I'll make it precedential. I do worry that you don't want to have practices come into play. This is at the margins of what's permissible constitutionally, in my opinion, which is that the government took a person and said, are you willing to give up your permanent residency in order for us to dismiss the charges? And he said yes. So then he leaves the country. He does everything he's supposed to do with the order. The settlement agreement and its validity, none of that's before me. I'm sure of that. What we really have to figure out is whether what the district court did was, first of all, aggrieved your client and if so, whether it was proper. It seems to me, based on the way I understand what the district court did, that in fact did not aggrieve your client. By so explaining, it seems to me it would resolve your concerns. Again, I don't want to repeat . . . Your view is that that wouldn't be enough. What we would have to do is vacate the order. The problem with that is if I think that's what the district court did, then I don't have jurisdiction to do anything else. You have to have a pellet standing, right? I do. Your client has to have a pellet standing. That means he has to have suffered some injury as a result of this order that we can redress. If we read the order and we read it differently and say this is the proper understanding of the order and in fact, it does not injure your client, I don't know how our court can do anything other than just dismiss the appeal. Can I just recite so that if the court is writing a published opinion, I think it's worth it to say. The things that I think that if I were asking to correct it, I would ask the court to take out the language without prejudice. I don't see that that's a fair interpretation of the settlement agreement. It doesn't make sense because . . . I just want to real quickly run through these just so the court knows. I'm not trying to convince. Just so you know what I'm saying. Sure. The distinction is, again, they could not leave that building or go upstairs to another floor in that building and get another indictment against Mr. Pavlenko that day. In any other case in which an indictment is dismissed without prejudice, they can do it. They can do it that day. But they could never do that here and that's how the confusion comes in. The confusion comes in is when he's out of the country, they ask the district court to make it without prejudice. That's the first problem. The second problem is their interpretation of without prejudice. That needs to be corrected. To say that they can reinstate this indictment, that tells the whole world that the American understanding of a dismissal is basically a suspension of the indictment because it can be revived and is not put out of the way yet. And the third thing is the misreading of the agreement, which was an LPR agreement. It was not an exile agreement. It was different. It was you losing all of your rights. Thank you. Thank you, Mr. Klug. Good to see you again.